### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD O. OHLSSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1805** |
| **SHERIFF NEWELL NORMAND, INDIDIVIDUAL, OFFICIAL CAPACITY, ET AL.** | **SECTION "J"(3)** |

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Ronald O. Ohlsson, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action against Jefferson Parish Sheriff Newell Normand, Deputy John Heck, Deputy Brian McTague, and "K-9 Marco." In this lawsuit, plaintiff claims that excessive force was used to effect his arrest.

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned finds that plaintiff's federal civil rights claims against "K-9 Marco" should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II.  "K-9 Marco"

As noted, named as one of the defendants in this case is "K-9 Marco," the police dog involved in plaintiff's apprehension.  Plaintiff claims that Marco viciously attacked him without provocation, biting him on the head, thigh, and shin.  Even if that is true, the weight of authority suggests that Marco cannot be sued for his bad acts in a federal civil rights action brought under 42 U.S.C. 1983.  That statute, in pertinent part, provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

This Court's research indicates that a dog, even if acting under color of state law, is not a "person" subject to liability under § 1983.  See, e.g., Dye v. Wargo, 253 F.3d 296, 299-300 (7th Cir. 2001); Price v. New Orleans Police Department, Civ. Action No. 09-3241, 2011 WL 1542831, at *1 n.3 (E.D. La. Mar. 18, 2011), adopted, 2011 WL 1557761 (E.D. La. Apr. 20, 2011); Banks v. Hall, Civ. Action No. 09-cv-326, 2010 WL 572879, at *5 (D.N.H. Feb. 5, 2010); Dickerson v. City of Charleston Police Department, Civ. Action No. 3:09-2268, 2009 WL 4920166, at *5 (D.S.C. Dec.

---

[2]   The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

11, 2009); Bustamante v. Gonzales, No. CV-07-0940, 2008 WL 4323505, at *7 (D. Ariz. Sept. 19, 2008); Cruz-Manjarrez v. City of Portland, Civ. Action No. 04-1811, 2005 WL 1838982, at *2 (D. Or. May 13, 2005), adopted, 2005 WL 2083018 (D. Or. July 28, 2005); Johnson v. Meceli, No. 02 C 50422, 2002 WL 31664498, at *1 (N.D. Ill. Nov. 22, 2002).  Finding no authority to the contrary, the undersigned recommends that the United States District Judge hold likewise and dismiss the claims against Marco.[3]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against "K-9 Marco" be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

---

[3]   This Partial Report and Recommendation does not address the claims against the remaining defendants.  The claims against those defendants should be allowed to proceed pending further review.

[4]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

New Orleans, Louisiana, this twenty-seventh day of July, 2011.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**