UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD O. OHLSSON                                               CIVIL ACTION

VERSUS                                                                      NO. 11-1805-DEK

SHERIFF NEWELL NORMAND,
ET AL.

### O R D E R

On June 27, 2012, this Court denied plaintiff's motion for trial by jury. Rec. Doc. 35. Plaintiff has now filed a motion for reconsideration of that order. Rec. Doc. 39. For the following reasons, that motion is **DENIED**.

Plaintiff has continually vacillated concerning whether he wanted a bench trial or a jury trial. His complaint included no jury demand. Rec. Doc. 1. The defendants then demanded a trial by jury, Rec. Doc. 14; however, with plaintiff's acquiescence, they were allowed to withdraw their jury demand, Rec. Docs. 16, 18, 20, and 21. Shortly before trial, plaintiff then changed his mind and filed a motion for trial by jury. Rec. Doc. 31. On June 27, 2012, the Court held a conference to discuss that motion, at which time plaintiff again changed his mind and stated that he wanted to proceed without a jury. The Court therefore denied plaintiff's motion. Rec. Doc. 35. Plaintiff has reconsidered yet again, stating that he now wants a jury. Rec. Doc. 39.

The Federal Rules of Civil Procedure generally require that a jury demand be served "no later than 14 days after the last pleading directed to the issue is served." Fed.R.Civ.P. 38(b)(1). Pursuant to Rule 38(b)(1), plaintiff's request for a trial by jury was therefore clearly untimely. The failure of a party to serve and file a demand as required by the rule constitutes a waiver by the party of trial by jury. Fed.R.Civ.P. 38(d).

That said, a determination that a plaintiff has failed to comply with the deadline provided in Rule 38 does not end the Court's inquiry. Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990). Fed.R.Civ.P. 39(b) states: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." That rule grants the Court discretion to relieve a party from waiver of a jury trial under Rule 38. See Swofford v. B & W, Inc., 336 F.2d 406, 408 (5th Cir. 1964). The Court is to consider the following five factors in exercising its discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

Daniel Int'l Corp., 916 F.2d at 1064.

In the instant case, the factors weigh against allowing the proposed amendment. This case involves a claim of excessive force, a type of claim which is routinely decided at a bench trial. Plaintiff's request for a jury trial was made many months after the complaint was filed and after defendants were allowed to withdraw their jury demand, and he provides no reasonable excuse for

the tardiness of his request or for his continued vacillation.  Moreover, the defendants have prepared for and are ready for a bench trial, and an order that this matter be further delayed and that they be required to prepare anew for a jury trial would obviously result in prejudice to them.  Lastly, trial is set to begin in less than two weeks and all arrangements have been made.  If plaintiff were allowed to once again change his mind and proceed before a jury, the matter would have to be continued, and rescheduling at this late date would result in a major and unwarranted disruption of this Court's schedule.  Accordingly, plaintiff's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, this second day of July, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**